MCGREGOR W. SCOTT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSUE GARCIA-BELTRAN<br>RAFAEL MEDINA LABRADA,<br><br>  Defendants. | CASE NO. 1:19-CR-00049-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: July 27, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

    This case is set for a status conference on July 27, 2020. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. These and previous General Orders were entered to address public health concerns related to COVID-19.

    Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

1  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
2  or in writing").

3  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
4  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice
5  continuances are excludable only if "the judge granted such continuance on the basis of his findings that
6  the ends of justice served by taking such action outweigh the best interest of the public and the
7  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless
8  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the
9  ends of justice served by the granting of such continuance outweigh the best interests of the public and
10 the defendant in a speedy trial." *Id.*

11 The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
12 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
13 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
14 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
15 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
16 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
17 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
18 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
19 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20 In light of the societal context created by the foregoing, this Court should consider the following
21 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
22 justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date
23 for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
24 pretrial continuance must be "specifically limited in time").

**STIPULATION**

26 Plaintiff United States of America, by and through its counsel of record, and defendants, by and

---

28 [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on July 27, 2020.

2. By this stipulation, defendants now moves to continue the status conference until September 28, 2020, and to exclude time between July 27, 2020, and September 28, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports and related documents, criminal history reports, photographs, video and audio recordings, and text messages. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Due to the ongoing COVID-19 pandemic, counsel has not had an adequate opportunity to review discovery with his client in person. Counsel for defendants desire additional time review discovery provided by the government, conduct additional investigation regarding the charges, consult with his client, and discuss potential resolution with the government.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 27, 2020 to September 28, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  July 16, 2020 | McGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ KATHERINE E. SCHUH<br>KATHERINE E. SCHUH<br>Assistant United States Attorney |
| Dated:  July 16, 2020 | /s/ Arturo Hernandez<br>Arturo Hernandez<br>Counsel for Defendant<br>FERNANDO VALENCIAJOSUE GARCIA-BELTRAN |
| Dated:  July 16, 2020 | /s/ Galatea DeLapp<br>Galatea DeLapp<br>Counsel for Defendant<br>RAFAEL MEDINA LABRADA |

**ORDER**

IT IS SO ORDERED that the Status Conference is continued from July 27, 2020, to **September 28, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **July 16, 2020**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE