MCGREGOR W. SCOTT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00049-DAD-BAM |
|---|---|
| Plaintiff, | JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| JOSUE GARCIA-BELTRAN, et al. | CURRENT DATE: December 9, 2020 |
| Defendants. | TIME: 1:00 p.m. |
| | COURT: Hon. Barbara A. McAuliffe |

## STATUS REPORT

Defendants Josue Garcia-Beltran and Rafael Medina Labrada ("defendants") were indicted on drug trafficking charges on March 14, 2019. (Doc. No. 19).  They are each charged with conspiracy to distribute and possession with intent to distribute over 500 grams of methamphetamine. Both defendants have been detained for the pendency of these proceedings. (Docs. 14 -17.)

The government has provided plea offers to both defendants in this case, and the parties have been engaged in negotiations to resolve the matter. At this time, the parties have not been able to reach resolutions in either case. The parties believe that they need additional time to negotiate a potential resolution.

## STIPULATION

This case is set for status conference on December 9, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further

notice, and allows district judges to continue all criminal matters.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants JOSUE GARCIA-BELTRAN and RAFAEL MEDINA LABRADA, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 9, 2020.

2. The parties request that the next status conference be set for February 24, 2020, and request to exclude time between December 9, 2020 and February 24, 2020 for the reasons set forth below.

3. While the parties anticipate that the case may resolve without a trial, this is not yet a certainty. The parties agree and stipulate, and request that the Court find the following:

    a) The government asserts the discovery associated with this case includes reports, photographs, and audio and video recordings; discovery has been provided to counsel and/or made available for review.

    b) The government has provided plea offers to the defendants through their counsel.

    c) Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review and/or copy discovery for this matter, to review the government's plea offers with their respective clients, to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

    d) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1         e)      The government does not object to the continuance.

2         f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 9, 2020 to February 24, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 7, 2020                       McGREGOR W. SCOTT
                                                      United States Attorney

                                                      /s/ KATHERINE E. SCHUH
                                                      KATHERINE E. SCHUH
                                                      Assistant United States Attorney


Dated:  December 7, 2020                       /s/ GALATEA DELAPP
                                                      GALATEA DELAPP
                                                        Counsel for Defendant RAFAEL
                                                        MEDINA LABRADA

Dated:  December 7, 2020                       /s/ ARTURO HERNANDEZ
                                                      ARTURO HERNANDEZ
                                                        Counsel for Defendant JOSUE
                                                       GARCIA-BELTRAN

\\\

\\\

## **ORDER**

IT IS SO ORDERED that the status conference is continued from December 9, 2020, to **February 24, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **December 7, 2020**                    /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5