HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
JOSUE GARCIA-BELTRAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSUE GARCIA-BELTRAN,<br><br>Defendant. | Case No. 1:19-cr-00049 DAD-BAM<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: Hon. Dale A. Drozd |

Defendant, JOSUE GARCIA-BELTRAN, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.      Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2.      The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status

points for offenders with six or fewer criminal history points, and one status point for offenders with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Garcia-Beltran received 1 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 3, which placed Mr. Garcia-Beltran in criminal history category II with a recommended guideline range of 188 - 235 months. The Court was permitted to impose a sentence below 10-year statutory mandatory minimum for the reasons provided in Sections II and V of the Statement of Reasons;

4. On April 12, 2022, this Court sentenced Mr. Garcia-Beltran to a term of 108 months;

5. The sentencing range applicable to Mr. Garcia-Beltran was subsequently lowered by the status-point provision, which reduces his criminal history score to 1, lowering his criminal history category from II to I, resulting in an amended advisory guideline range of 168 - 210 months;

6. When the defendant's original sentence was below the statutory mandatory minimum sentence and the applicable guideline range, the court may grant a comparable reduction below the amended guideline range in accordance with the exceptions set forth in USSG § 1B1.10(b)(2)(B) and (c);

7. Because Mr. Garcia-Beltran is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Garcia-Beltran's term of imprisonment to 97 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 97 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

8. <u>United States' statement regarding its stipulation[2]</u>:  Defendant was convicted of Possessing with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 78; sealed filings, ECF Nos. 83-86; defendant's sentencing memorandum, ECF No. 79; Statement of Reasons ("SOR"); Judgment, ECF No. 88; and defendant's Bureau of Prisons ("BOP") disciplinary history.  The prosecuting Assistant United States Attorneys were not consulted as they no longer work for the U.S. Attorney's Office.

At sentencing, the probation officer recommended a sentence of 151 months based on 18 U.S.C. §§ 3553(a) and (f).  The government recommended a sentence of 128 months, after applying a two-level downward variance for the First Step Act and the Ninth Circuit's decision in *U.S. v. Lopez* and a modest additional reduction for the reasons documented in the Statement of Reasons.  Defendant argued for a total offense level of 29 based on reductions for his allegedly minor role under USSG § 3E1.1 and departures based on USSG §§ 5H1.6 and 5K2.0. He argued for a sentence at the low end of his calculated guideline range, 87 months, plus any further reductions Court deemed appropriate. ECF No. 79.

The Court found a total offense level of 35.  The Court varied down two levels to account for First Step Act and the Ninth Circuit's decision in *U.S. v. Lopez*.  SOR at 3.  It granted a departure for the reasons stated in the Statement of Reasons and varied down further based on its finding that the criminal history was slightly overstated and due to the amount of time the defendant had spent in local detention facilities.  SOR at 3.  The Court imposed a sentence of 108 months, which was a 43 percent reduction from the low end of the applicable guideline range.

///

///

///

///

///

///

---

[2] This statement is provided by the United States and is not part of the parties' stipulation.

1       BOP records indicate that as of February 28, 2024, the defendant has no reported

2    sustained incidents during his time in BOP custody.  Defendant is currently located at Oakdale II

3    FCI with a projected release date of October 26, 2026.  *See* Bureau of Prisons Inmate Locator

4    available at https://www.bop.gov/inmateloc/ (last visited Feb. 28, 2024).

5    Respectfully submitted,

6    Dated:  February 29, 2024          Dated:  February 29, 2024

8    PHILLIP A. TALBERT          HEATHER E. WILLIAMS
    United States Attorney          Federal Defender

10    */s/ Shelley D. Weger*          */s/ Peggy Sasso*
    SHELLEY D. WEGER          PEGGY SASSO
    Assistant U.S. Attorney          Assistant Federal Defender

12    Attorney for Plaintiff          Attorney for Defendant
    UNITED STATES OF AMERICA          JOSUE GARCIA-BELTRAN

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Garcia-Beltran is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from II to I, resulting in an amended guideline range of 168 - 210 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b)(2)(B), the term of imprisonment imposed in 2022 is reduced to a term of 97 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 97 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Garcia-Beltran shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **March 1, 2024**

_____
UNITED STATES DISTRICT JUDGE