UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:19-cr-00049-DAD |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT GARCIA-BELTRAN'S MOTION TO AMEND JUDGMENT TO INCLUDE A TERM OF SUPERVISED RELEASE AND CLOSING CASE |
| v. | |
| JOSUE GARCIA-BELTRAN, | |
| Defendant. | (Doc. Nos. 113, 114) |

On July 9, 2024, defendant Josue Garcia-Beltran filed a *pro se* motion to include a term of supervised release in his amended judgment. (Doc. No. 113.) Defendant's motion will be granted and an amended judgment will be issued.

By way of background, on April 12, 2022, defendant was sentenced to 108 months in the custody of the U.S. Bureau of Prisons pursuant to his plea of guilty to the charge of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. Nos. 19, 61, 87.) On March 1, 2024, pursuant to the stipulation of the parties, the court granted a reduction of defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) from 108 months to a term of 97-months imprisonment. (Doc. No. 108.) On March 5, 2024, an amended judgment was entered reducing defendant's sentence. (Doc. No. 109.) That amended judgment specifically stated that: "Except as otherwise provided, all provisions of the judgment dated April 18, 2022 shall remain in effect." (*Id.*) Notably, the original April 18, 2022 judgment entered in this case

1  reflected that no term of supervised release was imposed upon defendant Garcia-Beltran
2  following the service of his term of imprisonment. (Doc. No. 88 at 2) ("No TSR"). This was due
3  to defendant's certain deportation following service of his sentence and consistent with the
4  recommendation set forth in defendant's presentence report that: "No term of supervised release
5  is recommended under USSG §5D1.1(c) and since the defendant appears to qualify under the
6  First Step Act, as interpreted by *Lopez*, there is no minimum mandatory term of supervised
7  release required." (Doc. No. 78 at 20.)

8       In defendant's pending motion he argues that 21 U.S.C. § 841 requires that the court
9  impose a term of supervised release as part of his sentence and requests that the court do so.
10 (Doc. No. 113 at 1–2.)[1] Upon further review, the court agrees with the position taken by
11 defendant Garcia-Beltran. U.S. Sentencing Guideline (USSG) §5D1.1(c), upon which the
12 recommendation that no term of supervised release be imposed due to defendant's certain
13 deportation following the service of his term of imprisonment was based, provides as follows:

> The court ordinarily should not impose a term of supervised release
> in a case in which supervised release *is not required by statute* and
> the defendant is a deportable alien who likely will be deported after
> imprisonment.

17 Title 21 U.S.C. § 841((b)(1)(B) provides that any sentence for violating § 841(a)(1), in a case

---

[1] Defendant did not initially explain why he is seeking to have a term of supervised release imposed as part of his sentence. However, on October 9, 2024, he filed a motion to expedite the ruling on his pending motion, arguing that the absence of a term of supervised release from his judgment was causing him irreparable harm because he was being denied First Step Act credits as a result. (Doc. No. 114.) The court notes that at the time of his sentencing it was reported that defendant was a citizen of Mexico, subject to removal proceedings and that he was also the subject of an ICE hold. (Doc. No. 78 at 1–2, 12.) The undersigned is unaware of whether defendant is subject to a final order of removal at this time and expresses no opinion regarding whether he is eligible to receive the time credits under the First Step Act which he has now expressed concern about. *See Cuevas v. Birkholz*, No. 2:23-cv-07287-GW-JC, 2024 WL 2702918, at *2 (C.D. Cal. March 29, 2024) ("The First Step Act, which expanded the opportunity for eligible inmates to earn time credits towards pre-release custody, *see* 18 U.S.C. § 3624(b)(1), specifically renders ineligible for such credits prisoners who are 'the subject of a final order of removal under any provision of the immigration laws.' 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2) (prohibiting BOP from applying First Step Act credits to a prisoner who is subject to a final order of removal)"), *order adopting report and recommendations*, 2024 WL 2702652 (C.D. Cal. May 22, 2024).

involving 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, as defendant's did, shall include " a term of supervised release of all least 5 years in addition to such term of imprisonment."[2]  Because a term of supervised release was required by statute in defendant's case, U.S.S.G. §5D1.1(c) did not apply.  *See United States v. Roccisano*, 673 F.3d 153, 158 (2d Cir. 2012) ("U.S.S.G. § 5D1.1(c)—this provision is inapplicable here because Roccisano's term of supervised release was a statutorily mandated component of his sentence for narcotics trafficking.  *See* 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1)(H) ('any sentence under this subparagraph shall . . . impose a term of supervised release of at least 5 years in addition to such term of imprisonment . . . .') (emphasis added)."); *United States v. Lawrence*, 510 Fed. Appx. 406, 409 (6th Cir. 2013) ("[S]ection 5D1.1(c) is inapplicable because Lawrence's term of supervised release was a statutorily mandated component of his sentence for possessing marijuana with the intent to distribute.  *See* 21 U.S.C. § 841(b)(1)(D)."); *United States v. Reyes,* No. 12-20066-12-KHV, 2015 WL 10945002 (D. Kan. Apr. 27, 2015) ("Here, defendant was convicted under 21 U.S.C. § 841(b)(1)(A), which requires a term of supervised release of at least five years.").

     Accordingly, defendant's motion (Doc. Nos. 113, 114) is granted and defendant's sentence is corrected to also provide that upon release from imprisonment, the defendant will be placed on supervised release for a term of 60 months.  Within 72 hours of release from the custody of the Bureau of Prisons, the defendant must report in person to the probation office in the district to which he is released.  While on supervised release, defendant must not commit another federal, state, or local crime and shall not illegally possess controlled substances.  The defendant must cooperate in the collection of DNA as directed by the probation officer and shall comply with the standard conditions which have been recommended by the United States

---

[2]  In his filings defendant has indicated that he believes he is subject to a mandatory minimum term of supervised release of four years. (Doc. Nos. 113 at 1; 114 at 1.)  Given the charge of conviction, and as indicated in the PSR and the applicable plea agreement, defendant was subject to a term of supervised release of five years to life. (Doc. Nos. 61 at 6; 78 at 19.)  While the defendant was found to be eligible for safety valve relief, thereby removing the mandatory nature of the minimum sentence (18 U.S.C. §§ 3553(f), 3583(b)(1)), the court in granting the pending motion elects to impose a 5-year term of supervised release.

Sentencing Commission and adopted by this Court.  Further, the defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.  The Court also adopts the following special conditions recommended by the probation officer and imposes all of those listed as special conditions of defendant's term of supervised release:

1. You must submit your person, property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer or any law enforcement officer at any time, based upon reasonable suspicion of unlawful conduct or a violation of a condition of supervision, without a search warrant.  Failure to submit to a search may be grounds for revocation.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

2. You must participate in an outpatient substance abuse/alcohol abuse treatment program and follow the rules and regulations of that program.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

3. You must submit to substance abuse/alcohol abuse testing to determine if you have used a prohibited substance.  You must not attempt to obstruct or tamper with the testing methods.

4. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information.  The probation office may share financial information with the U.S. Attorney's Office.

5. If you are deported, excluded or allowed to voluntarily return to your country of origin, you must remain outside the United States, unless legally authorized to re-enter.  If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return; supervision is waived upon deportation, exclusion, or voluntary departure.

6. You must participate in a co-payment plan for treatment, testing and/or medication and shall make payment directly to the vendor under contract with the United States Probation Office.  Your co-payment will be determined utilizing a Sliding Fee Scale based upon your disposable income.

/////

The Clerk of the Court is directed issue an amended judgment in this case to reflect the imposition of a 5 year term of supervised release in addition to the custodial sentence. Once the amended judgment is entered on the docket in this action, the Clerk of the Court is also directed to again close this case.

IT IS SO ORDERED.

Dated: **October 21, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE